**Yan Ling LIN, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 04–4477–AG.

United States Court of Appeals, Second Circuit.

March 13, 2006.

\* Alberto R. Gonzales is automatically substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Yan Ling Li, Atlanta, Georgia, for Petitioner, pro se.

Gordon B. Cecil, Assistant United States Attorney (Sheldon J. Sperling, United States Attorney for the Eastern District of Oklahoma, on the brief), Muskogee, Oklahoma, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Ling Lin petitions for review of a July 28, 2004, Board of Immigration Appeals ("BIA") order summarily affirming the April 28, 2003, decision of an immigration judge ("IJ") denying Lin's application for withholding of removal under the Convention Against Torture ("CAT"). Lin argues that the IJ erred in (1) finding Lin not credible; and (2) determining that Lin had not established that it was more likely than not that she would be tortured upon her return to China. We assume familiarity with the facts and procedural history.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we review the IJ opinion directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This court reviews the agency's factual findings under the substantial evidence standard, giving particular deference to the credibility determinations of the IJ. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 156–57 (2d Cir.2006).

To qualify for relief pursuant to the CAT, an alien must show that it is more likely than not that she will be tortured upon her return to the country of removal. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir.2004). Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 134 (2d Cir.2003) (quoting 8 C.F.R. § 208.18(a)(1)). Torture is an extreme form of cruel treatment; some cruel and inhuman behavior may not warrant CAT protection. *Id.* at 134.

There is substantial evidence to support the IJ's finding that Lin failed to establish eligibility for CAT relief. Lin's fear of future torture was based in part on the torture of her neighbor. Her testimony regarding this neighbor's alleged torture, however, was internally inconsistent as well as inconsistent with the letter submitted in support of her application. The IJ's determination that this testimony was not credible is therefore supported by the record. Moreover, the country reports submitted in support of Lin's claim fail to indicate a likelihood that she would be tortured if returned to China. As the IJ pointed out, these reports indicate that illegal emigrants repatriated to China for the first time are subject to fines, not imprisonment

or torture. Lin did not contend that she has previously been repatriated to China and therefore would be subject, at most, to a fine upon her return. Such a penalty falls far short of the treatment proscribed by the CAT. Because the IJ's adverse-credibility finding is based upon substantial evidence and the background material on China's country conditions fails to establish that it is more likely than not that Lin will be tortured upon her return to China, the IJ did not err in concluding that Lin failed to establish her eligibility for relief pursuant to the CAT.

For the reasons set forth above, the petition for review is DENIED.